J-S54020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOMAS JAVIER QUINTANILLA-PINEDA | : | |
| | : | |
| | : | No. 478 MDA 2019 |
| Appellant | | |

Appeal from the Order Entered February 22, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004448-2016

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 21, 2020**

Tomas Javier Quintanilla-Pineda appeals from the order, entered in the Court of Common Pleas of York County, denying his motion to bar sex offender registration on resentencing.  After our review, we affirm.

On December 17, 2011, West York Police responded to a call regarding a sexual assault.  The victim identified Quintanilla-Pineda as the assailant. Quintanilla-Pineda was charged with one count each of rape, involuntary deviate sexual intercourse by forcible compulsion (IDSI), aggravated assault, robbery, simple assault and theft by unlawful taking. Quintanilla-Pineda absconded before he was apprehended; he was ultimately arrested on April 16, 2016.

Quintanilla-Pineda entered a plea of no contest, and the court sentenced him on February 27, 2017 to thirteen to twenty-six years' imprisonment.

Pursuant to Pennsylvania's Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.51 *et seq.,* rape and IDSI were enumerated as Tier III offenses at the time Quintanilla-Pineda entered his plea. ***See*** 42 Pa.C.S. § 9799.14(d); 42 Pa.C.S. § 9799.15(a)(3). At sentencing, Quintanilla-Pineda signed a sexual offender registration form, certifying that he understood his registration requirements. The Sex Offender Assessment Board (SOAB) found that Quintanilla-Pineda was not a sexually violent predator (SVP).

Quintanilla-Pineda filed post-sentence motions, which were denied, and a timely direct appeal. While his appeal was pending, the Pennsylvania Supreme Court issued its decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). In light of ***Muniz***, this Court vacated the requirement that Quintanilla-Pineda comply with SORNA, as amended by Acts 10 and 29 of 2018,[1] affirmed his judgment of sentence in all other respects, and remanded for the sole purpose of having the trial court determine whether Quintanilla-Pineda was subject to any registration requirements. ***See Commonwealth v. Quintanilla-Pineda***, 736 MDA 2017 (Pa. Super. March 29, 2018) (unpublished memorandum).

On May 22, 2018, Quintanilla-Pineda filed a motion to bar sex offender registration on resentencing. The Pennsylvania State Police (PSP) and the Pennsylvania Office of the Attorney General filed a motion to intervene. The

---

[1] ***See*** 42 Pa.C.S. §§ 9799.10-9799.41 (amended by Act of Feb. 21 2018, P.L. 27, No. 10 and Act of June 12, 2018, P.L. 1952, No. 29) (SORNA II).

court granted this motion to intervene and held a hearing on October 4, 2018.

In light of the fact that the Supreme Court of Pennsylvania had granted

allowance of appeal in **Commonwealth v. Lacombe**, 35 MAP 2018 (Pa.

2018),[2] the trial court entered an order staying its decision in this case.

Quintanilla-Pineda opposed the stay.

The trial court issued a Pa.R.A.P. 1925(a) opinion, addressing the

constitutionality of Act 10[3] in light of **Muniz**. The court conducted a

_____

[2] The Pennsylvania Supreme Court granted review in its original jurisdiction
to determine the issue of whether Acts 10 and 29, **see infra** n.3, are
constitutional.

[3] SORNA II resulted from several amendments and additions to its precursor,
SORNA.  **See** 42 Pa.C.S. §§ 9799.10-9799.41 (amended by Act of Feb. 21
2018, P.L. 27, No. 10 and Act of June 12, 2018, P.L. 1952, No. 29. Act 10
(now Act 29) (2018, Feb. 21, P.L. 27, No. 10, § 6, imd. effective).  Essentially,
Act 10 sought to eliminate "punitive" effects and return the law back to
Megan's Law II, adding a mechanism for removal from registry after 25 years.
Act 10 structured two different tracks for sex offenders:

> Subchapter H, which is nearly identical to SORNA and applies to
> offenses committed after Dec. 20, 2012 (date SORNA was
> effective), provides an offender may petition for removal from
> registry and allows some reporting requirements to be completed
> remotely.

> Subchapter I, (applicable here, as Quintanilla-Pineda committed
> offenses on December 17, 2011), regulates those persons with
> offenses that occurred prior to SORNA (Dec. 20, 2012), applies to
> offenses committed between April 22, 1996 and December 20,
> 2012, and requires offenders to register for periods of either 10
> years or life (SVPs for life).  It reduced the length of time for which
> many offenders must register from 15 or 25 years to 10 years,
> and eliminated some offenses from registration.  It also provides

comprehensive review of the factors in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144 (1963),[4] and concluded that Subchapter I[5] of Act 10 is not punitive in either intent or effect and, therefore, did not violate the *ex post facto* clause of either the United States Constitution or the Pennsylvania Constitution.  The court denied Quintanilla-Pineda's motion to bar sex offender registration and ordered him to register in accordance with the requirements of Act 10.

In this appeal, Quintanilla-Pineda raises one issue:  "Is Subchapter I of Act 10 of 2018 punitive and incapable of retroactive application, thus leaving Tomas Javier Quintanilla-Pineda with no duty to register as a sex offender?"  Appellant's Brief, at 4.

Quintanilla-Pineda argues that Subchapter I of Act is a "punitive registration scheme under the factors set forth in ***Kennedy v. Mendoza -***

_____

for a mechanism for possible removal of lifetime registration after 25 years.

[4] The ***Mendoza-Martinez*** factors are as follows:

(1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment, that is, retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

***Mendoza-Martinez***, 372 U.S. at 146.

[5] 42 Pa.C.S. §§ 9799.51-9799.75.  Subchapter I is entitled "Continued Registration of Sex Offenders."

*Martinez*." Appellant's Brief, at 13. As such, Quintanilla-Pineda contends that, under the reasoning of *Muniz*, retroactive imposition violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Appellant's Brief, at 14.

On July 21, 2020, the Pennsylvania Supreme Court decided *Commonwealth v. Lacombe,* --- A.3d ----, 2020 WL 4148262 (Pa. July 21, 2020), holding "Subchapter I does not constitute criminal punishment, and the *ex post facto* claims . . . necessarily fail." *Id.*, slip op. at 35. As such, Quintanilla-Pineda's claim necessarily fails.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/21/2020</u>